United States Bankruptcy Court
Central District of California

In re:                                                                    Case No. 14-29489-NB
Karen Virginia McClain                                                    Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 1 | Date Rcvd: Dec 15, 2014 |
|---|---|---|---|
| | Form ID: pdf042 | Total Noticed: 1 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 17, 2014.
db              +Karen Virginia McClain,    8950 W. Olympic Blvd, #193,    Beverly Hillls, CA 90211-3565

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0


            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 17, 2014                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 15, 2014 at the address(es) listed below:
        David A Tilem    on behalf of Debtor Karen Virginia McClain davidtilem@tilemlaw.com,
        DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@
        ecf.inforuptcy.com
        Denice  Gaucin    on behalf of Creditor   Califco LLC, A Calif. LTD. Liability Co.
        denice@evict123.com
        Kathy A Dockery (TR)    efiling@CH13LA.com
        Michael D Vanlochem    on behalf of Creditor   INFINITI FINANCIAL SERVICES janguiano@vandc.net
        Sylvia  Lew    on behalf of Debtor Karen Virginia McClain Sylvialew@tilemlaw.com,
        malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;SylviaLew@ecf.inforuptcy.com;JoanFidelson@e
        cf.inforuptcy.com
        United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                        TOTAL: 6

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. &
Email Address

MICHAEL D. VANLOCHEM SBN 110068
VANLOCHEM & ASSOCIATES LLP
6565 SUNSET BLVD. SUITE 412
HOLLYWOOD, CA 90028
(323)993-0500 TEL
(323)993-0501 FAX

☒ *Attorney for Movant(s)*
☐ *Movant(s) appearing without an attorney*

**FOR COURT USE ONLY**

**FILED & ENTERED**

**DEC 15 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY sumlin   DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES DIVISION**

In re: KAREN VIRGINIA MCCLAIN

Debtor(s).

CASE NO.: 2:14-BK-29489-NB
CHAPTER 13

**ORDER GRANTING MOTION FOR RELIEF
FROM THE AUTOMATIC STAY UNDER
11 U.S.C. § 362 (PERSONAL PROPERTY)**

DATE: 12/16/2014
TIME: 10:00 a.m.
COURTROOM: 1545
PLACE: 255 East Temple Street
Los Angeles, CA 90012

**Movant: INFINITI FINANCIAL SERVICES**

1.  The Motion was: ☐ Opposed   ☐ Unopposed   ☒ Settled by stipulation

2.  The Motion affects the following personal property (Property):

    ☒ Vehicle *(describe year, manufacturer, type and model)*:  2010 Infiniti QX56

    Vehicle identification number: 5N3ZA0NF4AN908959
    Location of vehicle (*if known*):

    ☐ Equipment *(describe manufacturer, type, and characteristics)*:

    Serial number(s):
    Location (*if known*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 1                    **F 4001-1.ORDER.PP**

☐ Other Property (*describe type, identifying information, and location*):

☐ See Exhibit _____ attached to this Order.

3. The Motion is granted under:        ☒ 11 U.S.C. § 362 (d)(1)        ☒ 11 U.S.C. § 362(d)(2)

4. As to the Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set for the in Exhibit _____ to this Order.

5. ☐ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before the following date (*specify*): _____

7. ☒ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. This court further orders as follows:
   a. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.
   b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1O.ER).*
   c. ☐ See attached continuation page for additional provisions.

### 

Date: December 15, 2014

_____
Neil W. Bason
United States Bankruptcy Judge

_____
This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                             Page 2                             **F 4001-1.ORDER.PP**

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum (*number*) of two notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default and provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice of hearing.

8. ☒ The foregoing terms and conditions are binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting that relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*): Debtor will amend the Chapter 13 plan to provide for the pre-petition arrears for a total of $3,530.54, through the plan.

Dated: 12-15-14

VANLOCHEM & ASSOCIATES LLP

Michael D. Vanlochem
Attorneys for Movant

Dated: 12/15/2014

LAW OFFICES OF DAVID A TILEM

Mr. David A. Tilem, Law offices of David A. Tilem
Attorneys for Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2013                          Page 4                          **F 4001-1.ORDER.PP**

## ADEQUATE PROTECTION ATTACHMENT

*(This attachment is the continuation page for paragraph 7 of the Order on the Motion.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the sum of $ 772.02 commencing 12/16/2014.  The amount of these payments may be subject to change under the terms of the parties' original agreements.  All payments due Movant hereunder shall be paid to Movant at the following address:

   INFINITI FINANCIAL SERVICES
   8900 Freeport Parkway
   Irving, TX 75063

3. ☒ The Debtor must cure the postpetition default computed through 11/16/2014 in the amount of $1,544.04 as follows:

   a. ☒ In equal monthly installments of $ 386.01 each commencing 12/16/2014 and continuing thereafter through and including 3/16/2014.

   b. ☐ By paying the sum of $_____ on or before _____,

   c. ☐ By paying the sum of $ _____ on or before _____,

   d. ☐ By paying the sum of $ _____ on or before _____,

   e. ☐ Other:

4. ☒ The Debtor must maintain insurance coverage on the property and must remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor must file a Disclosure Statement and Plan on or before *(specify date)*: _____
   The Disclosure Statement must be approved on or before *(specify date)*: _____
   The Plan must be confirmed on or before *(specify date)*: _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant must serve written notice of default to Debtor, and any attorney for Debtor.  If Debtor fails to cure the default within 14 days after service of such written notice, plus 3 additional days if served by mail:
   a. ☒ The stay automatically terminates without further notice, hearing or order.
   b. ☐ Movant may file and serve declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with the LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                               Page 3                               **F 4001-1.ORDER.PP**

7.  ☒  Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum (*number*) of two notices of default and opportunities to cure pursuant to the preceding paragraph.  Once a Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default and provide additional opportunities to cure.  If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice of hearing.

8.  ☒  The foregoing terms and conditions are binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9.  ☒  If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting that relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10.  ☒  Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

11.  ☒  Other (*specify*):  Debtor will amend the Chapter 13 plan to provide for the pre-petition arrears for a total of $3,530.54, through the plan.

Dated:                                                         Dated:

VANLOCHEM & ASSOCIATES LLP                  LAW OFFICES OF DAVID A TILEM

_____             _____
Michael D. Vanlochem                              Mr. David A. Tilem, Law offices of David A. Tilem
Attorneys for Movant                               Attorneys for Debtor

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                              Page 4                              **F 4001-1.ORDER.PP**